## Julia M. Ray v. Willie W. Henderson et al.

1. MORTGAGES—*Application of Rents of Mortgaged Property.*— Where a mortgage has been foreclosed and a receiver appointed who collects accumulated rents paid for the use of the mortgaged premises, such rents constitute a part of the security, and should be applied toward paying off the secured debt.

2. SAME—*Mode of Applying Fund in Absence of Agreement of Parties.*—In the absence of an agreement between the parties the mode of applying the fund in foreclosure proceedings is determined by the rules of law and not by the wishes of either party.

Bill to Foreclose a Trust Deed.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 4, 1903. Rehearing denied December 22, 1903.

MYRON H. BEACH, attorney for appellant.

ULLMANN & HACKER, attorneys for appellees.

MR. JUSTICE STEIN delivered the opinion of the court.

The question in this case is whether moneys in the hands of a receiver, appointed in a proceeding to foreclose a trust deed upon a leasehold estate, shall be applied in part payment of the deficiency decree or shall be paid to the owner of the fee out of which the leasehold estate was carved, to be applied by him upon ground rent due him.

Appellant, being the owner of certain real estate in this county, leased the same to one Henderson for ninety-nine years, he agreeing to pay ground rent semi-annually and to erect a building on the demised premises. For the latter purpose he borrowed from appellant $25,000, and delivered to her his trust deed upon the leasehold interest and the building in order to secure his two notes for $12,500 each. Subsequently the leasehold estate was conveyed and assigned, subject to the trust deed, to appellee, and he conveyed and assigned the same in like manner to one John H. Moore, who appears to be the owner of the equity of redemption in the leasehold estate.

Appellant filed her bill to foreclose the trust deed and

hold appellee for the ground rent as assignee of the lease. A receiver was appointed with authority to collect the rents issuing out of the premises and the building thereon, and later a decree of foreclosure was entered ordering a sale and finding the sum of $7,766.85 to be due and unpaid as, and for, ground rent under the lease. At the foreclosure sale appellant purchased the premises, and a deficiency decree for $26,521.08 was rendered against appellee.

The receiver having reported to the court that he had in his hands $1,841.74, collected by him as rent for the mortgaged premises, appellant filed her petition praying that this sum be ordered paid to her to be applied upon the ground rent due her. Appellee answered claiming that the money be applied on the deficiency decree against him, and the court so ordered. From this order appellant appeals.

In the ordinary case, controversies of this character arise between the mortgagee and the holder of the equity of redemption, the former contending that the funds in the receiver's hands should be applied on the deficiency and the latter that they belong and should be paid to him. Here the unusual spectacle is presented of a mortgagee declining to take the money in reduction of the deficiency. The anomaly disappears when we consider that appellant so declines, not in her capacity as mortgagee, but as owner of the fee, to whom ground rent is due in respect of the demised premises conveyed by the trust deed. In the latter capacity, and by reason of her being the owner of the fee, she prefers to hold appellee for the entire amount of the deficiency decree and to apply upon the ground rent the money held by the receiver.

It simply happens in this case that appellant is owner both of the foreclosed trust deed and the notes secured thereby, and of the real estate as to which she executed the ninety-nine years lease. Suppose she had owned the deed and notes only, and some third party had owned the real estate. In such case the latter would have no right whatever to the moneys in the receiver's hands, and appellant's rights are no greater because she also owns

the deed and notes. As such owner she has certain rights to the fund; but as owner of the fee she has none. It might be different if she were petitioning for the payment of rent due her from the receiver, as such, for his occupancy of the foreclosed premises; but this she is not doing. On the contrary she puts herself on the broad ground that she, as owner of the fee, is entitled to the fund because the ground rent is not paid. Such a claim she can not assert in this form of proceeding.

Counsel for appellant points out that by carrying out the order appealed from, the moneys of Moore, the present owner of the equity of redemption in the leasehold, will be used for the benefit of appellee. But of this Moore does not complain; and appellant can not complain for him. For the same reason it is immaterial that the trust deed, while it empowers the trustee to enter upon the premises and collect the rents, contains no provisions pledging the rents accruing and collected after such sale as security for the payment of the debt.

Usually the application upon the deficiency is made on motion of the mortgagee. Here it is made against her will. But that circumstance is also immaterial. In the absence of an agreement between the parties the mode of applying the fund is determined by the rules of law and not by the wishes of either party. They simply invoke the law and set the machinery of the court in motion. In this case no reason is perceived why the fund should not be credited on the deficiency. The owner of the equity of redemption does not object. By the terms of the decree appellee is liable for the deficiency. The fund, consisting—as it does —of accumulations of rent paid for the use of the mortgaged premises, constitutes a part of the security, and should therefore be applied toward paying off the secured debt so far as it still exists.

The order appealed from is affirmed.